**United States Bankruptcy Court**
**District of Maine**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 7** |
| **Denny BRADLEY,** | ) | **Case No. 05-20982** |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| **Roseanna BRADLEY,** | ) | |
| Plaintiff | ) | Adversary Pro. No. 06-2076 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Denny BRADLEY,** | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

**Order on Defendant's Motion for Summary Judgment**

The Defendant's Motion for Summary Judgment is DENIED without hearing. See D.Me. L.B.R. 9013(g)(2)(iii).

This court is not restricted to the record of state court proceedings in determining "the nature of" obligations in question under 11 U.S.C. § 523(a)(5). In instances where the obligation is the product of an agreement, later approved and adopted by the state court, the bankruptcy court will consider the circumstances and intentions of the parties. That the arrangement between the parties was the product of negotiation (the details of which do not appear in the state court record) does not insulate it from potential nondischargeability under § 523)(a)(5). See, e.g., In re Hale, 289 B.R. 788 (BAP 1st 2003).

| | |
|---|---|
| May 10, 2007 | /s/ James B. Haines, Jr. |
| _____ | _____ |
| Date | James B. Haines, Jr. |
| | U.S. Bankruptcy Judge |